CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 09 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CLYDE ALLEN HARRIS, | ) | CASE NO. 7:15CV00524 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| CRYSTAL LARGE, FNP, | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Clyde Allen Harris, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. In his subsequently submitted amended complaint, Harris states, verbatim: "I fell out of bed on right hand and they left me setting for [illegible] 3 months without doing anything." (ECF No. 7, at 2.) Harris, who is currently confined at the Southwestern Virginia Regional Jail facility in Abingdon, names as defendant Crystal Large, FNP. He does not state what relief he seeks in this action. Upon review of the record, the court finds that the action must be summarily dismissed.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a claim under § 1983, the plaintiff must allege facts showing that a person acting under color of state law undertook conduct that violated the plaintiff's constitutional rights. See Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013). Because liability under § 1983 is personal, the "plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the

speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

The court construes Harris' amended complaint as claiming under § 1983 that defendant violated his constitutional rights by failing to provide appropriate medical treatment for his injured hand. Only a prison official's deliberate indifference to an inmate's serious medical need violates the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 102 (1976). A prison official is "deliberately indifferent" if he or she "knows of and disregards [or responds unreasonably to] an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). The deliberate indifference standard "is not satisfied by . . . mere disagreement concerning '[q]uestions of medical judgment,'" Germain v. Shearin, 531 F. App'x 392, 395 (4th Cir. 2013) (quoting Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975)), or mere negligence in diagnosis or treatment. Estelle, 429 U.S. at 105-106; see also Bowring v. Godwin, 551 F.2d 44, 48 (4th Cir. 1977) ("[T]he essential test is one of medical necessity and not simply that which may be considered merely desirable"). Furthermore, an official's intentional act or omission that merely delays an inmate's access to necessary medical care may state a constitutional claim if plaintiff shows that the defendant's conduct resulted in substantial harm to the patient. Webb v. Hamidullah, 281 F. App'x 159, 166 (4th Cir. 2008) (citing other cases).

Harris' amended complaint itself does not allege facts about his particular medical need, when it occurred, or how serious it is; how and when the defendant, Ms. Large, learned of his injury, or how she responded to it; or what has happened to Harris because of some unspecified action Ms. Large allegedly took or failed to take. The plaintiff must state the facts supporting his claim in the complaint itself, and cannot rely on the court or defendant to comb through his exhibits to guess which facts he believes to be important. As Harris' amended complaint fails to

2

state a factual basis for any actionable claim under Iqbal, 556 U.S. at 676, it may be summarily dismissed under § 1915A(b)(1).

Moreover, Harris' exhibits indicate that he has no constitutional claim against Ms. Large regarding treatment for his wrist. Medical records included in the exhibits indicate that Harris, who has pins in his wrist from a prior surgery, was receiving prescription pain medication even before his fall in April 2015. In July, Ms. Large referred Harris for X-rays of his right wrist, which indicated an avulsion fracture and soft tissue swelling.[1] Ms. Large has allegedly informed Harris, however, that he will not be scheduled for surgery until he is transferred to a VDOC prison facility. Harris' apparent belief that surgery should be scheduled immediately is nothing more than a disagreement with Ms. Large's medical judgment to postpone it. Such disagreements between a patient and his medical provider are not actionable under § 1983, particularly in a case, such as this one, with no evidence that delay of surgery has caused, or will cause, Harris any substantial harm.

For the reasons stated, the court dismisses Harris's amended complaint without prejudice, pursuant to § 1915A(b)(1), for failure to state a claim. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 9th day of November, 2015.

                                                                              Chief United States District Judge

---

[1] See, e.g., http://www.livestrong.com/article/228937-what-are-the-treatments-for-an-avulsion-fracture/ (last visited Nov. 5, 2015) ("Avulsion fractures occur[ ] when a ligament or tendon attached to a bone partially detaches, taking a bone fragment with it. . . . These types of fractures are rarely complicated and easily treated unless . . . tendon or ligament damage accompanies the fracture. Treatments for avulsion fractures include rest and ice, immobilization and surgery.")